IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CALVIN J. JACKSON, JR.,

    Plaintiff,

v.

ERIN REYES, et al.,

    Defendants.

Case No. 2:25-cv-00701-JR

**ORDER TO DISMISS**

**BAGGIO, District Judge**

    Plaintiff, an adult in custody at the Two Rivers Correctional Institution, brings this 42 U.S.C. § 1983 civil rights action as a self-represented litigant.  On June 18, 2025, Magistrate Judge Jolie A. Russo issued an Order to Show Cause (ECF No. 5) requiring plaintiff to show cause why his Complaint should not be summarily dismissed as untimely pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  After receiving three extensions of time to comply, plaintiff filed his Response (ECF No. 12) to Judge Russo's Order.

    In his Response, plaintiff contends that his claims are timely under the "continuing violation" doctrine.  Historically, the Ninth Circuit has "recognized two applications of the continuing violations doctrine: first, to a series of related acts, one or more of which fall within the limitations period [("serial acts branch")], and second, to the maintenance of a discriminatory system both before and during [the limitations] period [("systematic branch")]." *Bird v. Dep't of Hum. Srvs.*, 935 F.3d 738, 746 (9th Cir. 2019) (simplified).  The Supreme Court, however, drastically limited the applicability of the continuing violations doctrine in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).  The Morgan Court held that "discrete . . . acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges[,]"

1 – ORDER TO DISMISS

because "[e]ach discrete . . . act starts a new clock for filing charges alleging that act." *Id*. at 113. The Ninth Circuit has since concluded that *Morgan* rendered the serial acts branch of the continuing violations doctrine "virtually nonexistent" outside of hostile work environment claims and has also "applied *Morgan* . . . to abrogate the systematic branch" outside of "class-wide pattern-or-practice claims[.]" *Bird*, 935 F.3d at 747-48. As a result, "little remains of the continuing violations doctrine." *Id*. at 748.

Here, Jackson's allegations do not fall within the limited categories of claims to which the Ninth Circuit applies the continuing violations doctrine. *See Bird*, 935 F.3d at 747 (noting that the continuing violations doctrine applies only to hostile work environment and class wide pattern-or-practice claims). Instead, Jackson's allegations concern defendants' conduct only with respect to his individual medical needs. *See id*. at 748 (explaining that the Ninth Circuit has "consistently refused to apply the systematic branch to rescue individualized claims that are otherwise time-barred"). The ongoing effects of Jackson's discrete medical issues do not otherwise establish a continuing violation. *See id*. (explaining that "continuing effect is insufficient to constitute a continuing violation"). The continuing violations doctrine therefore does not apply in this case.

Moreover, Jackson previously asserted the same claims alleged in this Complaint in another case in this Court, *Jackson v. Reyes, et al.*, Case No. 2:22-cv-01832-SB. In that case, Magistrate Judge Stacie F. Beckerman, who received consent from all parties, issued an Opinion and Order (ECF No. 55) granting defendants' Motion to Dismiss plaintiff's claims for failure to state a claim upon which relief may be granted. The dismissal was with prejudice.

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser*

*Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)).  Res judicata applies to bar an action when there is: (1) "identity or privity between parties"; (2) "an identity of claims"; (and 3) "a final judgment on the merits."  *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

"[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense [of res judicata] has not been raised." *Arizona v. California*, 530 U.S. 392, 412 (2000), *supplemented*, 531 U.S. 1 (citations omitted). Such action is "fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste."  *Id*.

Here, plaintiff names the same defendants that were parties to the case in No. 2:22-cv-01832-SB.  Hence, the "identity of parties" element of res judicata is met.

In considering whether a dispute concerns the same claims as a prior case, the Ninth Circuit considers:

> (1) Whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.

*Headwaters*, 399 F.3d at 1052 (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)).  Here, the allegations of the instant Complaint are virtually identical to those contained in plaintiff's prior action.  Because both actions arise from the same set of factual circumstances and involve the "same transactional nucleus," the "identity of claims" element of res judicata is met.

3 – ORDER TO DISMISS

Finally, "a dismissal for failure to state a claim is an adjudication on the merits" for the purposes of res judicata. *Bailey v. Zimmer*, 993 F.2d 881, 881 (9th Cir. 1993). Judge Beckerman dismissed plaintiff's claims with prejudice and without leave to amend for failure to state a claim. Accordingly, the doctrine of res judicata precludes plaintiff from re-litigating the claims alleged here.

## CONCLUSION

For these reasons, IT IS ORDERED that plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(d).

IT IS SO ORDERED.

DATED this  7th   day of January 2026.

_____
Amy M. Baggio
United States District Judge